IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LISA T. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 4:12cv139 |
| | ) | |
| PAULA DEEN; PAULA DEEN ENTERPRISES, LLC; THE LADY & SONS, LLC; THE LADY ENTERPRISES, INC.; EARL W. "BUBBA" HIERS; and UNCLE BUBBA'S SEAFOOD AND OYSTER HOUSE, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## RULE 26(f) REPORT

1. Date of Rule 26(f) conference:  September 5, 2012

2. Parties or counsel who participated in conference:

   For Plaintiff:  S. Wesley Woolf
   S. WESLEY WOOLF, P.C.
   408 East Bay Street
   Savannah, Georgia 31401
   (912) 201-3696

   Matthew C. Billips
   BILLIPS & BENJAMIN LLP
   One Tower Creek
   3101 Towercreek Parkway
   Suite 190
   Atlanta, Georgia 30339
   (404) 859-0751

|  |  |
|---|---|
| For Defendants Paula Deen; Paula Deen: Enterprises; LLC; The Lady & Sons, LLC; and The Lady Enterprises, Inc. ("Deen Defendants") | Patricia T. Paul<br>William J. Hunter<br>George T. Major, Jr.<br>OLIVER MANER LLP<br>218 West State Street<br>P.O. Box 10186<br>Savannah, Georgia 31412<br>(912) 236-3311 |
| For Defendants Earl W. "Bubba" Hiers; and Uncle Bubba's Seafood and Oyster House, Inc. ("Hiers Defendants") | Thomas A. Withers<br>GILLEN, WITHERS & LAKE<br>8 East Liberty Street<br>Savannah, Georgia 31401<br>(912) 447-8400 |

3.  If any defendant has yet to be served, please identify the defendant and state when service is expected.

    Not Applicable.  All defendants have been served.

4.  Date the Rule 26(a)(1) disclosures were made or will be made:

    Initial disclosures will be made on or before October 2, 2012.

5.  If any party objects to making the initial disclosures required by Rule 26(a)(1) or proposes changes to the timing or form of those disclosures,

    (a)   Identify the party or parties making the objection or proposal:

    Not applicable.

    (b)   Specify the objection or proposal:

    Not applicable.

6.  The Local Rules provide a 140-day period for discovery. If any party is requesting additional time for discovery,

    (a)   Identify the party or parties requesting additional time:

    Plaintiff suggests a 200 day discovery period beginning September 18, 2012. All defendants

are agreeable to a 140 day discovery period beginning September 18, 2012. The parties request the discovery period to begin September 18, 2012 to reflect the stay to which all parties agreed while Plaintiff's Motion to Remand was pending

 (b) State the number of months the parties are requesting for discovery:

Plaintiff suggests a 200 day discovery period beginning September 18, 2012. All Defendants request a 140 day discovery period beginning September 18, 2012.

 (c) Identify the reason(s) for requesting additional time for discovery

   _X_ Unusually large number of parties

   _X_ Unusually large number of claims or defenses

   _X_ Unusually large number of witnesses

   _X_ Exceptionally complex factual issues

   ___ Need for discovery outside the United States

   ___ Other: _____

 (d) Please provide a brief statement in support of each of the reasons identified above:

Plaintiff: There are a number of potentially complex factual questions regarding the interrelationships between the Defendant corporations which will require additional evidence beyond that directly related to the claims asserted by Plaintiff. Further, Plaintiff contends that the potentially large number of witnesses in this case will require an extended discovery period.

Defendants: All Defendants request that the discovery period be enlarged to 140 days beginning September 18, 2012 to reflect the stay to which all parties agreed while Plaintiff's Motion to Remand was pending.

7. If any party is requesting that discovery be limited to particular issues or conducted in phases, please,

 (a) Identify the party or parties requesting such limits:

Not applicable.

 (b) State the nature of any proposed limits:

Not applicable.

8. The Local Rules provide, and the Court generally imposes, the following deadlines:

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after issue is joined |
| Last day to furnish expert witness reports and disclosures by plaintiff | 60 days after Rule 26(f) conference |
| Last day to furnish expert witness reports and disclosures by defendant | 90 days after Rule 26(f) conference (or 60 days after the answer, whichever is later) |
| Last day to file motions | 30 days after close of discovery |

If any party requests a modification of any of these deadlines,

(a) Identify the party or parties requesting the modification:

Plaintiff requests a modification relating to the beginning date of the periods set out above, in light of the Stay previously entered and for clarity regarding those deadlines.

(b) State which deadline should be modified and the reason supporting the request:

<u>Plaintiff:</u>

| | |
|---|---|
| Last day for filing motions to add or join parties or amend pleadings | 60 days after September 18, 2012 |

Plaintiff has only recently received her Notice of Right to Sue from the EEOC and will be moving to amend her Title VII claims.

| | |
|---|---|
| Last day to furnish expert witness reports and disclosures by Plaintiff | 90 days after September 18, 2012 |

Due to the Stay of discovery, based on the Motion to Remand, the parties have not yet conducted discovery. Plaintiff may require expert testimony on the interrelationship of the parties and will need discovery from Defendants on those issues.

<u>All Defendants</u>:

Defendants object to the modification of any deadlines. However, in the event Plaintiff's request is granted, Defendants request that the Court modify the deadline for Defendants to identify their expert witnesses as follows:

Last day to furnish expert witness reports and disclosures by Defendants                120 days after September 18, 2012

9. If the case involves electronic discovery:

   (a) State whether the parties have reached an agreement regarding the preservation, disclosure, and discovery of electronically stored information, and if the parties prefer to have their agreement memorialized in the scheduling order, briefly describe the terms of their agreement:

The parties did not reach an agreement during the Rule 26(f) Conference. Plaintiff has proposed certain terms regarding electronic discovery, to wit:

> Pursuant to Fed.R.Civ.P. 26, the parties have discussed the retention, disclosure and discovery of electronically stored data and agree that they are preserving all relevant electronically stored information in appropriate media. Defendants agree to produce emails as .pst files when they exist in that format. Both Plaintiff and Defendants agree to produce any and all other electronically stored information, including emails, in native format when possible and as .pdf files when not available in native format or when a separate copy of a file has been maintained in non-native format. The parties agree that production of electronically stored information in native format does not require production of metadata within native files, other than sufficient information for the receiving party to navigate and access the included data and to verify authorship, authenticity, transmission, and receipt of such electronically stored information.

Plaintiff's proposal with regard to emails is, essentially, that they be produced in the easiest and most easily producible, navigable and searchable form. Microsoft Outlook stores emails on a computer hard drive or network as .pst files, usually named "Outlook.pst" or "Archive.pst". If produced natively, such files will retain associations with any attachments, which should automatically be produced as well. This will eliminate confusion and difficulties with regard to authentication, duplication, and reattachment of files.

Neither the Deen Defendants nor Hiers Defendants agree to the terms proposed by Plaintiff, and instead propose the following terms regarding electronic discovery:

> The parties agree to take reasonable steps to preserve any electronically stored

information that is subject to discovery in this litigation (whether or not a party believes that the information is subject to privilege or otherwise protected from disclosure), and agree to address any matters relating to the production of such information during the normal course of discovery as the requests are made. The parties have agreed to work with each other to resolve any disputes that may arise with respect to electronically stored information.

  (b)  Identify any issues regarding electronically stored information as to which the parties have been unable to reach an agreement:

See above.

10.  If the case is known to involve claims of privilege or protection of trial preparation material,

  (a)  State whether the parties have reached an agreement regarding the procedures for asserting claims of privilege or protection after production of either electronic or other discovery material:

The parties have not reached an agreement, but do not anticipate having any disagreement. The parties agree to comply with the Federal Rules of Civil Procedure and Local Rules, including, but not limited to Federal Rule of Civil Procedure 26(b)(5) and Federal Rule of Evidence 502. If such issues arise during the course of discovery, or trial, each party reserves the right to present such issues to the Court.

  (b)  Briefly describe the terms of any agreement the parties wish to have memorialized in the scheduling order (or attach any separate proposed order which the parties are requesting the Court to enter addressing such matters):

See Subparagraph (a).

  (c)  Identify any issues regarding claims of privilege or protection as to which the parties have been unable to reach an agreement:

The parties recognize that there is potential for future disagreement regarding privilege or work-product protection concerning each defendant's respective investigation of Plaintiff's claim for sexual and racial harassment and the involvement of legal counsel in such investigation.

  Plaintiff:  Plaintiff cites the following authorities regarding claims of privilege or protection: See, e.g., Stern v. O'Quinn, 253 F.R.D. 663, 2008 U.S. Dist. LEXIS 85147 (S.D. Fla 2008) and http://www.rrhlawfirm.com/Articles/The-Faragher-Ellerth-Affirmative-Defense-as-Implied-Waiver-of-Privileges-Is-the-

Defense-a-Shield-or-Double-Edged-Sword.shtml.

All Defendants: Defendants will cite relevant authority as issues arise.

11. State any other matters the Court should include in its scheduling order:

None known at this time.

12. The parties certify by their signatures below that they have discussed the nature and basis of their claims and defenses and the possibilities for prompt settlement or resolution of the case. Please state any specific problems that have created a hindrance to the settlement of the case:

Due to the motions presently pending before the Court, counsel for the parties is familiar with the nature and basis of Plaintiff's claims and the defenses raised by the defendants. Counsel for Plaintiff states that Plaintiff is willing to consider settlement. The Deen Defendants are not willing to consider settlement. The Hiers Defendants are not willing to consider settlement at this time.

S. WESLEY WOOLF, P.C.

   /s/ S. Wesley Woolf
S. WESLEY WOOLF
Georgia Bar No. 776175

408 East Bay Street
Savannah, GA 31401
(912) 201-3696

*Attorney for Plaintiff*

BILLIPS & BENJAMIN LLP

   /s/ Matthew C. Billips
MATTHEW C. BILLIPS
Georgia Bar No. 057110

One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, GA 30339
(770) 859-0753

*Attorney for Plaintiff*

GILLEN, WITHERS & LAKE, LLC

/s/ Thomas A. Withers
THOMAS A. WITHERS
Georgia Bar No. 772250

8 East Liberty Street
Savannah, GA 31401
(912) 447-8400

*Attorney for Defendant Earl W. "Bubba" Hiers and Uncle Bubba's Seafood & Oyster House, Inc.*

OLIVER MANER LLP

/s/ I. Gregory Hodges
WILLIAM P. FRANKLIN, JR.
Georgia Bar No. 274000
I. GREGORY HODGES
Georgia Bar No. 358925
PATRICIA T. PAUL
Georgia Bar No. 697845
WILLIAM J. HUNTER
Georgia Bar No. 141288
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

218 West State Street
Post Office Box 10186
Savannah, Georgia 31412
(912) 236-3311

*Attorneys for Defendants Paula Deen, Paula Deen Enterprises, LLC, The Lady & Sons, LLC, and The Lady Enterprises, Inc.*

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LISA T. JACKSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PAULA DEEN; PAULA DEEN ) <br> ENTERPRISES, LLC; THE LADY & ) <br> SONS, LLC; THE LADY ) <br> ENTERPRISES, INC.; EARL W. ) <br> "BUBBA" HIERS; and UNCLE ) <br> BUBBA'S SEAFOOD AND OYSTER ) <br> HOUSE, INC., ) <br> ) <br> Defendants. ) | CIVIL ACTION NO.: CV412-139 |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice Electronic Filing ("NEF") which was generated as a result of electronic filing.

This 19th day of September, 2012.

OLIVER MANER LLP

/s/ *George T. Major, Jr.*
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

*Attorneys for Defendants Paula Deen, Paula Deen Enterprises, LLC, The Lady & Sons, LLC, and The Lady Enterprises, Inc.*

218 W. State Street
P.O. Box 10186
Savannah, GA 31412
(912) 236-3311