# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

LISA T. JACKSON,            )
                            )
    Plaintiff,        )
                            )
v.                          )  Case No. CV412-139
                            )
PAULA DEEN,                 )
PAULA DEEN ENTERPRISES, LLC,)
THE LADY & SONS, LLC,       )
THE LADY ENTERPRISES, INC., )
UNCLE BUBBA'S SEAFOOD AND   )
OYSTER HOUSE, INC., and     )
EARL W. HIERS,              )
                            )
    Defendants.       )

## ORDER

Plaintiff Lisa Jackson moves the Court -- on an emergency basis -- to seal the sanctions motion (doc. 101) that the defendants filed this past Friday at 5:20 p.m. Doc. 102. Good cause must be shown to seal court records.[1] The sanctions motion illuminates many cyberpace statements

---

[1] *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) ("The common-law right of access to judicial proceedings ... is instrumental in securing the integrity of the process" and unquestionably "includes the right to inspect and copy public records and documents."); *Romero v. Drummond Co.*, 480 F.3d 1234, 1245–46 (11th Cir. 2007) (explaining that "[m]aterial filed in connection with any substantive pretrial motion ... is subject to the common law right of access"

made by lead counsel for the plaintiff, Matthew C. Billips. Billips does not invoke his own privacy rights. Instead, he says the motion contains a substantial amount of unrelated communications (*i.e.*, his own) so prejudicial that it should be sealed to protect against "any possibility that this proceeding may be materially prejudiced, either as a result of the conduct of counsel for both Plaintiff or Defendants." Doc. 102 at 3.

The Court agrees that there is a substantial amount of extraneous material set forth in the sanctions motion. And, even though it has been E-filed and is now on the Court's publicly accessible docket ("PACER"), the Clerk informs the Court that docketing emails announcing its existence have been sent only to the parties. There is a reasonable chance that the media has not yet seen the motion. Out of an abundance of caution, the Court **GRANTS** the motion (doc. 102) pending further briefing.

**SO ORDERED**, this 4TH day of March, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

with any substantive pretrial motion ... is subject to the common law right of access" and that such "common law right of access may be overcome by a showing of good cause").