# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| LISA T. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CV412-139 |
| ) | |
| PAULA DEEN, ) | |
| PAULA DEEN ENTERPRISES, LLC, ) | |
| THE LADY & SONS, LLC, ) | |
| THE LADY ENTERPRISES, INC., ) | |
| UNCLE BUBBA'S SEAFOOD AND ) | |
| OYSTER HOUSE, INC., and ) | |
| EARL W. HIERS, ) | |
| ) | |
| Defendants. ) | |

## ORDER

After over 100 pages of orders on discovery disputes in this employment discrimination case, the Court is faced with yet another: the Hiers defendants' motion to compel. Doc. 164. Familiarity with the Court's April 3 and May 8, 2013 orders (docs. 132 & 165) is presumed here. Briefly, plaintiff Lisa T. Jackson contacted a number of individuals in quest of evidence supporting her claims. Defendant Earl W. "Bubba" Hiers and his corporate co-defendant (hereafter, Hiers) want to see written manifestations (emails, etc.) of those contacts. Plaintiff objected to his discovery request as overbroad, and the Court directed Hiers to re-

serve it in narrower terms. Doc. 132 at 41-42. The Court also shortened plaintiff's response time to 7 days. Doc. 132 at 41.

Hiers narrowed his request, limiting it to communications between plaintiff and specifically named employees from the May 1, 2010 to present time period. Doc. 164 at 4. He hand-served Jackson on April 9, 2013, thus requiring an April 16, 2013 response. After Jackson missed that deadline, he email-reminded her on April 30, 2013. Her counsel, claiming oversight, promised a quick response, and Hiers' counsel cut some slack. *Id.* at 5; doc. 169 at 2; doc. 164-8 ("Dang. My bad . . . I had put this on a 30-day calendar, but you are exactly right. I will get it to you tomorrow."); doc. 169-1 at 2 ("No worries").

Jackson served her discovery response the next day, doc. 169 at 2, but Hiers was not happy, insisting that it violated this Court's April 3, 2013 Order. Doc. 169 at 2; doc. 5. He now contends:

> First, Plaintiff filed dilatory objections, then produced not a single text message, but rather an alleged privilege log[1] that only identified who the document was to or from either Plaintiff or her counsel Mr. Woolf and an exceedingly general description of the content. See Response to these defendants Second Request for Production of Documents attached hereto as Exhibit "I." The

---

[1] *See* doc. 164-9 at 6-7 (the privilege log).

2

supposed log did not identify even the other party in the communication, but rather identified them by designation – "A" and "B."

Doc. 164 at 5 (footnote added).

Even at that, says Hiers, it "strains credulity that she could only now produce texts to or from two witnesses" given her extensive use of texting. *Id.* After Hiers complained to Jackson that her response was deficient, counsel talked, and Hiers now insists that her "responses were untimely and that no work product privilege would apply to communications from third parties." *Id.*

Hiers wants the privileges stripped due to Jackson's untimeliness. Doc. 164 at 6. Alternatively, he contends that Jackson's responses were non-responsive because her privilege log fails to identify whether either counsel or Jackson herself sent the communications. *Id.* And "[t]he supposed privilege log gives no guidance at all in analyzing whether a privilege is properly asserted." *Id.* at 7. Hiers cites work-product precedent and reminds that it does not extend to matters created by third parties. *Id.* at 7-8. At bottom, then, Jackson's work product claim must fail due to her untimeliness waiver, or if the texts were in fact produced by any third party. *Id.* at 8.

3

Jackson concedes she was untimely but defense counsel -- in keeping with the lawyers' course of dealing in cutting each other slack on deadlines -- "replied 'no worries'" when her lawyer conceded oversight. Doc. 169 at 2. And when Hiers' counsel then objected to her response the next day, Jackson's counsel sought to an explanation in an effort to confer over it. Rather than confer, Hiers filed the instant motion. *Id.*; see also doc. 164-11 at 2; doc. 164-13 at 2. Also, there is no third-party generated work product in play here, she represents, and all of the documents were generated in evidence-seeking attempts by Jackson, the first party in this case, and her counsel. Docs. 169 & 172.

The Court rejects Hiers' untimeliness argument. There is no record of persistent, discovery-response delay in this case. The communications Jackson has submitted here show that, as lawyers routinely do, she was cut some slack and that slack was revoked only after Hiers received her discovery response and expressed dissatisfaction with it. Counsel are reminded that what goes around comes around. Plus, the duty to confer is mandatory and must be meaningful. *Scruggs v. International Paper Co.*, 2012 WL 1899405 at *1 (S.D. Ga. May 24, 2012). While the email exchange is not pellucid, it heavily indicates that

Jackson sought to work this out but Hiers jumped the gun. This reaps Hiers no sympathy here.

Jackson assures the Court that "[a]mid the texts of Ms. Jackson herself delivering general greetings and herself texting in an attempt gain prospective witness assistance, only one text came from the (reluctant) witness himself and a copy of that text has been produced to Defendants. All of the other texts are communications from Ms. Jackson to this witness. The texts are exclusively "the thought processes of the party. . . ." Doc. 169 at 4-5 (footnote, cite and brackets omitted). The only other text messages, she asserts, are from a witness who unsuccessfully sought representation from plaintiff's counsel. *Id.* at 5. Although Jackson believes she is "not required to reveal the names of these witnesses, [she] has disclosed them to minimize and focus the gravamen of her argument that *the content* of these texts is protected by work product and attorney-client privilege." Doc. 172 at 2.

Hiers does not rebut those factual assertions, but only implies in a generic sense that there have been "machinations" here. Doc. 174. That pares this matter down to just one issue: whether the disputed communications are work product. Applying the previously illuminated

5

legal standards, *see* doc. 132 at 41-42; doc. 165 at 26-42; *see also U.S. ex rel. Civil Const. Technologies, Inc. v. Hanover Ins. Co.*, 2013 WL 1810817 at * 3 (M.D. Fla. Apr. 29, 2013), the Court rules that they are. None have been generated by a third party, as Hiers suspected, and Hiers does not rebut Jackson's claim that all have involved evidence-gathering efforts by her, beyond the contact counsel identified as seeking his representation (and there is no dispute as to that privilege).

Meanwhile, the defendants in this case are well aware of the sanctions machinery available to them if Jackson is misleading this Court. Nor has Hiers demonstrated substantial need for this information, especially in light of the fact that Jackson has disclosed the witnesses' names.

Hiers' motion to compel (doc. 164) therefore is **DENIED**. Nevertheless, and as he points out, doc. 174, the parties are in a time-crunch. Accordingly, the Court is extending discovery until June 7, 2013.

**SO ORDERED** this 15th day of May, 2013.

*/s/ M. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA