IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LISA T. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CIVIL ACTION NO.: 4:12-cv-0139 |
| PAULA DEEN; PAULA DEEN ) | |
| ENTERPRISES, LLC; THE LADY & ) | |
| SONS, LLC; THE LADY ) | |
| ENTERPRISES, INC.; EARL W. ) | |
| "BUBBA" HIERS; and UNCLE ) | |
| BUBBA'S SEAFOOD AND OYSTER ) | |
| HOUSE, INC., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' APPEAL TO THE ARTICLE III JUDGE OF SECTION I-A(2) OF THE MAGISTRATE'S ORDER DATED MAY 8, 2013 [DOC. 165] AND INCORPORATED MEMORANDUM OF LAW

COME NOW Paula Deen, Paula Deen Enterprises, LLC, The Lady & Sons, LLC, The Lady Enterprises, Inc., Earl W. "Bubba" Hiers, and Uncle Bubba's Seafood & Oyster House, Inc., the defendants in the above-styled action, and file this Appeal to the Article III Judge of Section I-A(2) of the Magistrate's Order Dated May 8, 2013 [Doc. 165] and Incorporated Memorandum of Law. Section I-A(2) of the Magistrate's Order which makes factual findings regarding Defendants' intent and basis in filing their Motion for Sanction of Disqualification as to Plaintiff's Counsel Matthew C. Billips is clearly erroneous and contrary to law. Section I-A(2) of the Magistrate's Order should be vacated and reversed accordingly. [1]

---

[1] Defendants respectfully disagree with the Magistrate's decision regarding Plaintiff's Motion to Continue Seal. However, the matter addressed herein is not the sealing or unsealing of records, but the errant findings of fact made by the Magistrate in the Order granting in part and denying in part Plaintiff's Motion to Continue Seal.

## I.  STATEMENT OF FACTS

Defendants moved to disqualify Plaintiff's counsel Matthew C. Billips based upon his systemic and improper attacks on the Defendants and their character. [Doc. 101]. As part of their Motion, Defendants complained of Billips' extrajudicial dissemination of information regarding this case, including "tweets"[2] that commented directly on the character of Mrs. Deen and Mr. Hiers, in violation of the Georgia Rules of Professional Conduct and this Court's Local Rules. [Doc. 101]. Billips' tweets concerning this case were imbedded within Billips' other tweets which the Magistrate's Order describes as "profane, obscene, bawdy, and racially-charged." [See Exhibits to Doc. 101; Doc. 165, pp. 12-13].

On April 3, 2013, the Magistrate issued a Sealed Order [3] which directed the parties to show cause within fourteen (14) days why the Sealed Order and a number of sealed documents, including Defendants' Motion for Sanction of Disqualification, should not be unsealed. [Doc. 132, p. 45]. On April 17, 2013, Plaintiff filed her Motion to Continue Seal of Docs. No. 101 (the Motion for Sanction of Disqualification), 109, 117, 129 and 130 and to Strike the Exhibits Thereto. [Doc. 144]. On May 8, 2013, the Magistrate's Order, the order presently on appeal, partially granted Plaintiff's Motion insofar as it pertained to the partial sealing of Defendants' Motion for Sanction of Disqualification. [Doc. 165, p. 11-20].

The Magistrate's Order makes a number of unsupported and errant findings of fact regarding the intent and conduct of Defendants and defense counsel surrounding the filing of the Motion for Sanction of Disqualification. The Magistrate's Order errantly finds that Defendants used the Court record as a "garbage dump" and that Defendants included the entirety of Billips' Twitter activity for an improper and abusive purpose. [Doc. 165, p. 14]. The Magistrate's Order

---

[2] A "tweet" is a single posting made on the social media forum known as Twitter.
[3] The "Sealed Order" has subsequently been unsealed.

errantly separates Billips' case-related tweets from his non-case-related tweets and then remarks that Defendants could not point to "any case in the last 200 years" in which an attorney was sanctioned under the Oath of Admission to Practice Before the Court, S.D.Ga. L.R. 83.3(c), for "profanity, coarseness, or crudity in his non-case-related communications." [Doc. 165, p. 13]. The Magistrate's Order is clearly erroneous in its findings of fact regarding Defendants' intent and basis for filing the Motion for Sanction of Disqualification and the Order should be vacated and reversed in this respect in addition to other grounds for reversal of Section C of the Magistrate's Order as set forth in Doc. 171.

## II.  ARGUMENT AND CITATION OF AUTHORITY

**A.**    **The Standard for Appeal of the Magistrate's Orders.**

The Federal Rules of Civil Procedure and the Local Rules provide for the review of orders of the Magistrate Judge by the District Court Judge. Fed. R. Civ. P. 72(a) states:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely object to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law.

Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 631(b)(1)(A); S.D. Ga. L.R. 72.2 ("Any party may serve and file objections to a Magistrate Judge's determination made under this rule as provided by Fed. R. Civ. P. 72(a). Any objection shall specifically designate the order or portion thereof to which objection is made and the basis for such objection. The District Judge to whom the case is assigned shall consider the objection and set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. Such Judge may also reconsider any matter *sua sponte*."). "'Clear error is a highly deferential standard of review.'" Faircloth v.

Cross, 2013 U.S. Dist. LEXIS 9485, at *3 (M.D. Ga. Jan. 24, 2013) (quoting Saunders v. Emory Healthcare, Inc., No. 1:07-cv-00282-WSD-GGB, 2008 U.S. Dist. LEXIS 13427, at *3 (N.D. Ga. Feb. 22, 2008)). "'[A] finding is 'clearly erroneous' when … the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" Id. at *3-4 (citing Saunders, *supra.*).

B.   **The Magistrate's Findings Are Clearly Erroneous.**

The Magistrate's determination that Billips' non-case-related tweets were filed for an improper purpose is clear error. The relevance of the non-case-related tweets to the case-related tweets is this: Billips posted sexually explicit tweets using extremely graphic and profane language and imagery. He has used the N-word. Yet, he described himself on Twitter as an "[e]mployment lawyer," holds himself out as "fighting the good fight against evil racism and sexism," and characterizes Paula Deen as someone in need of being "done" and "undressed" based upon her conduct. [Doc. 101 at Ex. E through I]. Billips' improper case-related tweets are not segregated from his sexually explicit, non-case-related tweets, but are all intertwined together.

While the Magistrate may not believe that placing tweets about Defendants' clients amidst "profane, obscene, bawdy, and racially-charged language" [Doc. 165, pp. 12-13] for the public at large to see is improper, reasonable members of this profession would disagree.

"Indeed, it is recognized that, an attorney must strictly comport himself in a professional and ethical manner in order to maintain good standing in any federal bar; he must exhibit fair, private and professional conduct. Anything less is adequate reason to revoke his right to continue as a member in good standing of the bar." In re Sanchez-Ferreri, 620 F. Supp. 951, 952 (D.P.R. 1985) (citing Selling v. Radford, 243 U.S. 46, 49 (1917));  See also Boswell v.

Gumbaytay, 2009 U.S. Dist. LEXIS 46003, 9-17 (M.D. Ala. June 1, 2009). "Such conduct, when committed by an officer of the court, constitutes a failure to maintain personal integrity, reflects upon one's fitness to practice law, and brings the bench and the bar into disrepute. … Offending conduct need not involve direct questions of honesty or trustworthiness, nor have an immediate relation to the daily business conducted by an attorney, in order to warrant substantial discipline." In re Hoare, 155 F.3d 937, 940 (8th Cir. 1998).

The tweets were included because of their relation to the tweets about Ms. Deen, tweets which the Magistrate found violated the rules governing lawyers. [4] Put simply, the context of the tweets formed a primary basis of the original motion to disqualify. [See Doc. 101 (Defendants' Brief in Support of Their Motion to Disqualify) (stating that the tweets at issue provided the context in which the unethical extrajudicial statements were viewed by the public)]. The Magistrate's reliance, or non-reliance, upon the materials placed in the record is not determinative of whether a document was filed for a proper purpose. The Order noted that when documents are submitted to provide a court with information with respect to a judicial function, they are "judicial document" regardless of whether the court relies upon them or finds them useful. [Doc. 165, p. 7 n. 8] [citing United States v. Sattar, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006)]. The Magistrate failed to apply this law in reaching these erroneous findings of fact.

Second, the Magistrate's assertion that Defendants sought to disqualify Billips solely for non-case-related tweets is unfounded. The motion addressed a systemic effort to unethically put pressure on Ms. Deen and the Defendants by 1) making unethical public statements about the parties and the case; 2) making unethical public statements about the parties and the case in an improper and obscene context while at the same time advertising as a member of this profession;

---

[4] Despite finding that the case-related tweets violated the rules governing lawyers, the Magistrate still declined to impose sanctions on Billips.

3) seeking to maliciously injure and embarrass parties and witnesses in violation of Ga. R. Prof. Cond. 3.1; and 4) failing to properly adhere to the oath this Court requires of all its officers. Had Billips only used "profane, obscene, bawdy, and racially-charged language" [Doc. 165, pp. 12-13] on the internet without comments about Defendants and this case, the Motion for Sanction of Disqualification would never have been filed. A brief review of the facts supporting the motion makes this clear by any measure. The Magistrate's finding that Defendants sought to disqualify Billips on the sole basis of obscene, non-case-related tweets is clearly erroneous.

Third, the Order errantly indicates that Defendants were unable to direct the Court to any authority under which an attorney has been sanctioned for "his profanity, coarseness, or crudity in his non-case-related communications, be they public or private." [Doc. 165, p. 13]. The reliance on this premise is clearly erroneous and must be vacated and reversed. At the outset, this approach required the Magistrate to separately consider Billips' tweets on the basis of whether they were case-related or not. All of the tweets were made in a single medium and are therefore part and parcel of the voluntary dissemination of information by Billips and the reason why the entirety of Billips' Twitter activity was put before the Court. Under the flawed approach of dividing Billips' behavior, the Magistrate found that Defendants "could not in good faith have sought Billips' disqualification on the ground that his use of profane and lewd language in a non-litigation context violated some transcendental obligation to demean himself uprightly." [Doc. 165, p. 14].

Defendants believe that where, as here, impermissible comments about the character of litigants and a case are made in the midst of obscene and coarse statements, the entirety of the exchange and the context in which the impermissible statements were made is relevant to the

Court's determination of attorney discipline.[5] In this context, Defendants brought Billips' behavior before the Court. The Magistrate's finding that any part of this motion was frivolous was clearly erroneous.

After refusing to capitulate to demands to settle quietly or suffer "financial losses" that "are certain to arise from a public airing of [Jackson's] claims," Jackson – as promised – files a complaint that is "not . . . quietly filed." [Doc 6-2 at 11]. An enormous amount of publicity ensued. Meanwhile, Billips, identifying himself as Jackson's attorney, began a series of public comments via Twitter on Paula Deen's character. He accused her of "racist behavior." [Doc. 101 at Ex. K]. He called suing her a "hoot." [Doc. 101 at Ex. L]. He poked fun at her medical condition. [Doc. 101 at Ex. N]. He described Deen and Hiers as engaging in "evil racism and sexism." [Doc. 101 at Ex. H]. He boasted about plans to "undress" and "do" Deen – at least metaphorically, or even "strongly metaphorically." [Doc. 101 at Ex. F and I]. While accusing Deen of "evil racism and sexism," and speaking of her *in sexual terms*, Billips engaged in his own "profa[ne], coarse[ ], [and] crud[e]" [Doc. 165, p. 13] behavior with others on Twitter.

The Magistrate arbitrarily parsed Defendants' Motion for Sanction of Disqualification into separate parts, and it was clearly erroneous to do so when the case and Plaintiff's campaign of vilification is viewed in its full context. See Doe v. Fulton-DeKalb Hosp. Auth., 628 F.3d 1325 (11th Cir. 2010) (Eleventh Circuit Court of Appeals affirming a district court's order imposing sanctions against Mr. Billips for filing a baseless motion and his "continued campaign

---

[5] If Billips had walked before a television camera and stated that he was going to "do" and "undress" Paula Deen, attacked the character of Deen and Hiers by labeling them as "evil," "sexist," and "racist," and exclaimed that suing Deen was "a hoot" in the midst of other statements unrelated to this case that included the N-word, sexual banter, and strings of obscenities, this Court would sanction Billips. Moreover, had Billips made these statements on his law firm website – which he linked to his Twitter account – no argument would exist regarding their nexus to this profession.

of vilification against the [hospital] defendants."). The non-case-related tweets are, as Defendants have at all times maintained, informative in viewing the context in which Billips' made improper extrajudicial statements about this case and the character of the Defendants.[6] The Magistrate's Order must be vacated and reversed.

### III.  CONCLUSION

The Defendants' Motion for Sanction of Disqualification as to Plaintiff's Counsel Matthew C. Billips was filed with an adequate basis in the law and for a proper purpose. The findings of fact in Magistrate's Order to the contrary are unsupported by the record, clearly erroneous, and must be vacated and reversed.

WHEREFORE, Defendants respectfully request that the Court vacate and reverse Section I-A(2) of the Magistrate's Order insofar as it makes clearly erroneous findings of fact that the Defendants filed the Motion for Sanction of Disqualification with an improper purpose and inadequate basis in law.

[Signature page to follow.]

---

[6] If the Court wants to spare Billips from embarrassment through the sealing of his non-case-related tweets, it is fine with Defendants and that issue has not been appealed. However, the Magistrate's findings that the Motion for Sanction of Disqualification was filed for an improper purpose and without legal basis are clearly erroneous and must be vacated and reversed.

THIS 22nd day of May, 2013.

                                  OLIVER MANER LLP

                                  /s/ *William P. Franklin, Jr.*
                                WILLIAM P. FRANKLIN, JR.
                                Georgia Bar No. 274000
                                I. GREGORY HODGES
                                Georgia Bar No. 358925
                                PATRICIA T. PAUL
                                Georgia Bar No. 697845
                                WILLIAM J. HUNTER
                                Georgia Bar No. 141288
                                GEORGE T. MAJOR, JR.
                                Georgia Bar No. 619608

218 West State Street
Post Office Box 10186
Savannah, Georgia 31412               *Attorneys for Defendants Paula Deen, Paula*
(912) 236-3311                           *Deen Enterprises, LLC, The Lady & Sons,*
                                *LLC, and The Lady Enterprises, Inc.*
                                GILLEN, WITHERS & LAKE LLC


                                /s/ *Thomas A. Withers*
                                THOMAS A. WITHERS
                                Georgia Bar No. 772250

8 East Liberty Street
Savannah, Georgia 31401
(912) 447-8400                           *Attorney for Defendants Earl W. "Bubba"*
                                *Hiers and Uncle Bubba's Seafood and*
                                *Oyster House, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

| | |
|---|---|
| LISA T. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | CIVIL ACTION NO.: 4:12-cv-0139 |
| PAULA DEEN; PAULA DEEN ) | |
| ENTERPRISES, LLC; THE LADY & ) | |
| SONS, LLC; THE LADY ) | |
| ENTERPRISES, INC.; EARL W. ) | |
| "BUBBA" HIERS; and UNCLE ) | |
| BUBBA'S SEAFOOD AND OYSTER ) | |
| HOUSE, INC., ) | |
| ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all the parties in this case in accordance with the directives from the Court Notice Electronic Filing ("NEF") which was generated as a result of electronic filing.

This 22nd day of May, 2013.

OLIVER MANER LLP

/s/ *William P. Franklin, Jr.*
WILLIAM P. FRANKLIN, JR.
Georgia Bar No. 274000
I. GREGORY HODGES
Georgia Bar No. 358925
PATRICIA T. PAUL
Georgia Bar No. 697845
WILLIAM J. HUNTER
Georgia Bar No. 141288
GEORGE T. MAJOR, JR.
Georgia Bar No. 619608

218 W. State Street
P.O. Box 10186
Savannah, GA 31412
(912) 236-3311

*Attorneys for Defendants Paula Deen, Paula Deen Enterprises, LLC, The Lady & Sons, LLC, and The Lady Enterprises, Inc.*