IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LISA T. JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: 4:12-cv-0139 |
| PAULA DEEN; PAULA DEEN | ) |
| ENTERPRISES, LLC; THE LADY & | ) |
| SONS, LLC; THE LADY | ) |
| ENTERPRISES, INC.; EARL W. | ) |
| "BUBBA" HIERS; and UNCLE | ) |
| BUBBA'S SEAFOOD AND OYSTER | ) |
| HOUSE, INC., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' APPEAL OF SECTION I(A)(3) OF THE ORDER OF THE MAGISTRATE JUDGE, ISSUED MAY 8, 2013, REGARDING REDACTION AND INCORPORATED MEMORANDUM OF LAW**

COME NOW Earl W. "Bubba" Hiers and Uncle Bubba's Seafood & Oyster House, Inc., Defendants in the above-styled action, and pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 631(b)(1)(A) file this, their Appeal of Section I(A)(3) of the Order of the Magistrate Judge, Issued May 8, 2013, Regarding Redaction, and hereby appeal the Order of the United States Magistrate Judge issued May 8, 2013 [Doc. 165] and respectfully show the following:

**I. STATEMENT OF FACTS**

On April 3, 2013, this Court issued an Order [Doc. 132] (hereinafter "April 3 Order") requesting that any of the parties show why the Order or any other sealed filings should not be unsealed. Doc. 132, p. 45. In compliance with the Court's direction, Mr. Hiers and Uncle Bubba's Seafood and Oyster House respectfully filed their Statement, asking that the Court "redact" several references by Plaintiff in her Response to Defendant's Emergency Motion to

1

Exceed the Ten Deposition Limit [Doc. 94], Second Motion to Compel Discovery and Memorandum of Law in Support [Doc. 111], and Response to Defendants' Motion for Protective Order and Motion to Quash Subpoena [Doc. 116], to the drug and alcohol treatment of Mr. Hiers more than fifteen (15) years earlier, as well as references by this Court in its April 3 Order. Doc. 147, p. 2. These defendants cited Federal and State law rendering communications between patients and psychiatrists, psychologists, and other professionals privileged and confidential, as well as laws prohibiting the release of medical records disclosing treatment for drug or alcohol abuse. *Id*., p. 3-4 (citing O.C.G.A. §§ 24-9-21(5) & (6), 43-39-16; 42 U.S.C. § 290dd-2).

On May 8, 2013, the Magistrate Judge issued another Order [Doc. 165] (hereinafter "May 8 Order"), denying these Defendants' Statement reasoning that "the horse has left the barn." Doc. 165, p. 22. The Order's denial of Mr. Hiers' request to redact was clearly erroneous.

## II.  ARGUMENT AND CITATION OF AUTHORITIES

### A. Standard of Review

"Sitting in its appellate capacity, [a district court] is required to review [a Federal magistrate judge's determination of non-dispositive motions] under a 'clearly erroneous' standard." *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D.Ga. 1996) (Order) (citing 28 U.S.C. § 636(b)(1); *Knox v. Hayes*, 933 F.Supp. 1573, 1575 (S.D.Ga. 1995); *Massey v. United Transp. Union*, 868 F.Supp. 1385, 1388 (S.D.Ga. 1994).

### B. The Magistrate's Order on Redaction Was Clearly Erroneous

The May 8 Order based its denial of Defendants' request for redaction in their Statement and its conclusion that the "horse" had allegedly "left the barn" on the fact that Plaintiff's filings were allegedly unsealed for two months prior to Mr. Hiers' request.[1] Doc. 165, p. 22. The

---

[1] The Magistrate Judge's rationale addressing other sealing issues in his Order was that the

2

Magistrate Judge concluded that Mr. Hiers failed to meet his burden to articulate a real and substantial interest to justify "depriving the public of access" to the filings. *Id*., p. 23 (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir.2011); *see also Carnegie Mellon University v. Marvell Technology Group, Ltd.*, 2013 WL 1336204 at * 4 (W.D.Pa. Mar. 29, 2013)).

The Magistrate Judge was in error. Mr. Hiers did not request that the public be denied access to any filings, but rather requested limited and specific redaction. *Helm* and *Carnegie Mellon*, relied upon in the May 8 Order concerned motions to *seal*. *See Helm*, 656 F.3d at 1292; *Carnegie Mellon University*, 2013 WL 1336204 at *1. Mr. Hiers merely requested that several references in Plaintiff's filings and the April 3 Order be redacted. *See* Doc. 147. The grant of Mr. Hiers' request would not deprive the public of access to either Plaintiff's filings or the Court's April 3 Order. The May 8 Order was, therefore, clearly erroneous.

The clear error is even more apparent from the fact that Defendants' requests for redaction were limited and reasonable and designed to fulfill a specific purpose. *See Sutter v. South Whitley Police Officers*, No. 1:11-CV-83, 2012 WL 3598290, *1 (N.D.Ind., August 20, 2012) (Opinion and Order) (granting the plaintiff's motion *in limine* to redact references to the plaintiff's history of alcoholism from exhibits); *Khoa Hoang v. Trident Seafoods Corp.*, No. C06-1158 RSL, 2007 WL 2138779, *2 n. 3 (W.D.Wash., July 23, 2007) (Order Granting in Part and Denying in Part Motions to Compel Discovery) (in action by the plaintiff against the defendants arising from personal injuries which plaintiff sustained while working on a fishing vessel, holding that "drug and alcohol" information from one of the defendants' medical records would be redacted). Moreover, the requests should have been granted based upon the fact, as

---

pleadings would be unsealed because the jury taint horse had left the barn – in other words, the media had already covered the scandalous nature of the accusations. Doc. 165, p. 8 and 17. That rationale does not work here as there has been no media coverage regarding these issues that are properly privileged.

expressly recognized in the May 8 Order, that counsel for Plaintiff agreed to, and did not oppose, redaction of the references to Mr. Hiers' drug and alcohol treatment from Plaintiff's filings. Doc. 165, p. 21.

In addition, the May 8 Order's finding that Mr. Hiers' past substance abuse history "will be explored and thus fully exposed at trial…" Doc. # 165, p. 22, was not an issue before the Magistrate Judge. The determination of whether and to what degree Plaintiff will be able to explore such evidence in any trial of this matter is necessarily a matter for this Court to resolve. The introduction of alleged evidence of substance abuse is subject to numerous constraints, including the legal privileges and protections set forth in Defendants' Statement and herein, as well as evidentiary rules such as Federal Rules of Evidence 401, 402, and 403. *See In re Exxon Valdez*, 270 F.3d 1215, 1253 (9th Cir. 2001) (affirming the trial court's exclusion of evidence of oil tanker captain's drinking and drunkenness prior to receiving alcohol treatment, finding that the evidence "was of lesser relevance because it was remote in time, was likely to cause confusion, and would waste time as there would be a trial within the trial about whether the highly disputed allegations were true").

As the Eleventh Circuit Court of Appeals has expressly recognized, "Georgia law protects as privileged confidential communications between a psychiatrist [fn.] or licensed psychologist [fn.] and a patient." *Hicks v. Talbott Recovery System, Inc.*, 196 F.3d 1226, 1236-37 (11th Cir. 1999) (internal footnotes omitted) (affirming verdict in favor of plaintiff physician against addiction recovery facility for unauthorized release of the plaintiff's psychiatric and psychological treatment records for alcoholism) (citing O.C.G.A. §§ 24-9-21(5) & (6), 43-39-16; *Wiles v. Wiles*, 264 Ga. 594, 448 S.E.2d 681, 682 (1994)). Since the privilege "is absolute, it 'cannot be waived, absent some express intentional act to do so' by the patient." *Hicks v. Talbott*

*Recovery System, Inc.*, 196 F.3d 1226, 1238 (11th Cir. 1999) (quoting *Jones v. Abel*, 209 Ga.App. 889, 434 S.E.2d 822, 824 (1993); citing *Freeman v. State*, 196 Ga.App. 343, 396 S.E.2d 69, 70 (1990)). "'[A]s a matter of public policy, psychiatrist-patient communications are to be privileged and are to remain privileged even though the patient's 'care and treatment or the nature and extent of his injuries (have been put) at issue in any civil or criminal proceeding.'" *Id.*, at 1237 (quoting *Plunkett v. Ginsburg*, 217 Ga. App. 20, 456 S.E.2d 595, 597 (1995); quoting O.C.G.A. § 24-9-40(a)).

In this case, the Court inquired of the parties whether any filings should remain under seal. In response to the Court's inquiry, Mr. Hiers did not request that any filings remain sealed, but did request redaction of several references. Furthermore, the mere fact that Mr. Hiers sought to redact the references to his drug and alcohol rehabilitation after the references in the filings became public did not constitute an alleged waiver of that privilege. In *Kennestone Hosp. v. Hopson*, the Georgia Supreme Court held that the plaintiff patient did not waive her psychiatrist-patient privilege by failing to object to a request for her drug rehabilitation program records from the defendant hospital. 273 Ga. 145, 149, 538 S.E.2d 742 (2000).

WHEREFORE, Defendants respectfully request that the Court vacate and reverse Section I(A)(3) of the Magistrate's Order denying Defendants' requests for redactions.

This 22nd day of May, 2013.

                                                        GILLEN, WITHERS & LAKE LLC

                                                       /s/ *Thomas A. Withers*
                                                      THOMAS A. WITHERS
                                                      Georgia Bar No. 772250

8 East Liberty Street
Savannah, Georgia 31401
(912) 447-8400                                      *Attorney for Defendants Earl W. "Bubba" Hiers and Uncle Bubba's Seafood and Oyster House, Inc.*

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that he has this 22d day of May, 2013, filed the foregoing document using the Court's Case Management/Electronic Case Filing system, which will automatically deliver notice of, and serve, the foregoing filing to all counsel of record.

s/Thomas A. Withers<br>
Thomas A. Withers<br>
Attorney Bar Number: 772250

Gillen, Withers & Lake, LLC
8 East Liberty Street
Savannah, Georgia 31401
Telephone: (912) 447-8400
E-Mail: Twithers@gwllawfirm.com

*Attorney for Mr. Earl W. Hiers and*
*Uncle Bubba's Seafood and Oyster House, Inc.*