UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LISA T. JACKSON<br><br>　　　　Plaintiff,<br><br>v.<br><br>PAULA DEEN, PAULA DEEN ENTERPRISES, LLC, THE LADY & SONS, LLC, THE LADY ENTERPRISES, INC., BUBBA HIERS, and UNCLE BUBBA'S SEAFOOD AND OYSTER HOUSE, INC.,<br><br>　　　　Defendants. | CIVIL ACTION NO.: 4:12-CV-0139 |

## PLAINTIFF'S RESPONSE TO DEFENDANTS' OBJECTIONS TO THE MAGISTRATE JUDGE'S MAY 15, 2013, ORDER

COMES NOW PLAINTIFF, Lisa T. Jackson, and files this Plaintiff's Response to Defendants' Objections to the Magistrate Judge's May 15, 2013, Order. The argument offered in Defendants' Objections to the Magistrate Judge's May 15, 2013, Order [Doc. 191] is without merit, as demonstrated below:

### I.  INTRODUCTION

Defendants Earl W. "Bubba" Hiers and Uncle Bubba's Seafood and Oyster House, Inc. (Defendants or the Hiers Defendants) have appealed from the Magistrate Judge's Order [Doc. 175] denying their motion to compel [Doc. 164] which, in relevant part, sought "every text message . . . sent to or received from any employee of any Defendant to this action." [Doc. 110, Ex. C, p. 9]  Defendants recount the largely irrelevant history of their first discovery request for

1

these documents, determined to be overbroad by the Magistrate Judge, who, in denying their motion, gave Defendants an opportunity to narrow the request. [See Doc. 132, pp. 41]

Defendants' second, narrowed discovery request was served on April 9, 2013 [Defendants' Motion (Doc. 164), Exhibit E]. According to the Court's Order, Ms. Jackson's discovery response was due on April 16, 2013. The undersigned counsel was reminded by counsel for Defendants of this deadline two weeks later on April 30, 2013, [*Id.*, Exhibit G] and immediately responded by email to the reminder. [*Id.*, Exhibit H] Defendants' replied "no worries" [see Exhibit A, attached hereto] and Ms. Jackson filed her response the next day. [Defendants' Motion, p. 5] Ms. Jackson's discovery response asserted objections, including attorney-client and party work product objections, and included a privilege log. [*Id.*, Exhibit I]

On May 1, 2013, Defense counsel communicated an interpretation that Ms. Jackson's response violated the Court's April 3, 2013 Order and stating an intention to seek relief the next day, May 2, 2103. On May 1 and May 2, 2013, respectively, the undersigned responded, seeking an explanation of that interpretation [*Id.*, Exhibits K and L], to which defense counsel responded on Saturday, May 4, 2013. [*Id.*, Exhibit L] The undersigned responded on Monday, May 6, 2013 [*Id.*, Exhibit M], reflecting an ongoing attempt to resolve the discovery dispute. [Doc. 175, pp. 4-5] The next day, Defendants filed their Motion.

The Magistrate Judge made three legal conclusions:  1) under the circumstances, Ms. Jackson's delayed response would not result in a waiver of her work product privilege [Doc. 175, p. 4];  2) a meaningful mandatory duty to confer prior to filing the motion to compel was not fulfilled by Defendant [Doc. 175, pp. 4-5]; and 3) that the disputed communications are privileged under both the work product doctrine and the attorney-client privilege. [Doc. 175, p.

2

6] The Magistrate Judge further found that Defendant had not "demonstrated substantial need for this information, especially in light of the fact that [Ms.] Jackson has disclosed the witnesses' names." [Doc. 175, p. 6]

## II.     ARGUMENT AND CITATION OF AUTHORITY

### A.     Ms. Jackson's Untimely Response Did Not Waive Privileges.

Two weeks after the deadline for responding to Defendants' discovery, counsel for Defendants reminded Ms. Jackson of the deadline. She conceded that the deadline had passed and filed her response to the discovery request the next day. As the Magistrate Judge found and concluded, "[t]here is no record of persistent, discovery-response delay in this this case." [Doc. 175, p. 4] The Magistrate Judge continued that, "as lawyers routinely do, [Ms. Jackson] was cut some slack and that slack was revoked only after Hiers received her discovery response and expressed dissatisfaction with it." [*Id.*]

The issue here is not whether Ms. Jackson responded to the discovery request after the deadline. The issue is whether the legal conclusion adopted by the Magistrate Judge – that the delayed response would not have the legal consequence of waiving the work product and attorney-client privileges – is clearly erroneous and contrary to law. Fed. R. Civ. P. 72(a).

Although a party may waive objection by failure to timely respond to discovery requests, *Bailey Indus., Inc., v. CLJP, Inc.*, 270 F.R.D. 662, 668 (N.D. Fla. 2010), courts "have been more circumspect in finding a waiver of a privilege objection." *First Sav. Bank*, 902 F.Supp. 1356, 1361 (D. Kan. 1995). Consistent with this conclusion and citing favorably *First Sav. Bank*, this Court noted that Fed. R. Civ. P. 34, which concerns requests for productions of documents, unlike Fed. R. Civ. P. 33, which concerns interrogatories, "does not specify that a failure to

respond within the time provided will result in a waiver of any objections[]" and confirmed that "waiver of privilege is the most extreme sanction that a court can impose for failure to follow required procedure and courts should reserve it for cases of unjustifiable delay, inexcusable conduct, and bad faith in responding to discovery requests." *Jones v. Am. Gen. Life & Accident Ins. Co.*, CV 101-003, 2002 WL 32073037 (S.D. Ga. Dec. 4, 2002), citing *RDM Holdings, Inc. v. Equitex, Inc. (In re RDM Sports Group, Inc.),* 277 B.R. 415, 424 (N.D. Ga. 2002).

In *Jones v. Am. Gen. Life & Accident Ins. Co.*, CV 101-003, 2002 WL 32073037 (S.D. Ga. Dec. 4, 2002), as here, the party was directed by the Court to respond to discovery requests by a date certain, but in *Jones*, the party did not respond until *six (6) weeks* after it was directed to do so. [*Id.* at *9]  Under circumstances of Defendants' two-week delay in prompting the undersigned for the need for a response [Defendants' Motion, Exhibit G], and their "no worries" perspective on the unintentional failure to timely respond [See Section B, below], and under circumstances of Ms. Jackson's immediate, next-day response to the discovery request, the refusal of the Magistrate Judge to find a waiver of work product and attorney-client privileges is not only not clearly erroneous but is fully consistent with the law of this District.  *Jones, supra*.  The Magistrate Judge's decision that no waiver resulted from untimely responses should be affirmed.

      **B.**      **Defendants Did Not Fulfill Their Mandatory Duty to Meaningfully Confer.**

Ms. Jackson's delayed response to Defendant's discovery request was met with a reminder of the deadline whereupon Ms. Jackson promised an immediate next-day response.  In response to her promise, Defendant replied "no worries."  [Doc. 169, Exhibit A]  Upon receiving the response, however, as found by the Magistrate Judge, "Hiers' counsel then objected to her

4

response the next day, [and] Jackson's counsel sought to [sic] an explanation in an effort to confer over it. Rather than confer, Hiers filed the instant motion." [Doc. 175, p. 4] The Magistrate Judge further notes that Defendant Hiers "cut some slack and that slack was revoked only after Hiers received her discovery response and expressed dissatisfaction with it. [*Id.*] The Magistrate Judge further warned that "[c]ounsel are reminded that what goes around, comes around. Plus, the duty to confer is mandatory and must be meaningful. *Scruggs v. International Paper Co.*, 2012 WL 1899405 at *1 (S.D. Ga. May 24, 2012)." Ms. Jackson's attempt to confer with Defendants was described by the Magistrate Judge as follows: "While the email exchange is not pellucid, it heavily indicates that Jackson sought to work this out but Hiers jumped the gun. This reaps Hiers no sympathy here." [Doc. 175, pp. 4-5] The failure of Defendants to confer, as required by Fed. R. Civ. P. 26(c) and L.R. 26.5, is not the *sine qua non* of the Magistrate Judge's Order, but properly colors the conclusions of that Order.

        C.        **The Communications are Work Product and Not Subject to Disclosure.**

Ms. Jackson offered in her Response the fact that the text communications sought by Defendants are exclusively communications *from* Ms. Jackson *to* the identified witness. None of the messages to this witness included communications *from* that witness. [Doc. 169, pp. 4-5] As noted by the Magistrate Judge, "Hiers does not rebut those factual assertions, but only implies in a generic sense that there have been 'machinations' here." [Doc. 175, p. 5, citing Doc. 174 (Hiers' Reply)] Regarding the disputed communications, the Magistrate Judge concluded as fact that "[n]one have been generated by a third party . . . and Hiers does not rebut Jackson's claim that all have involved evidence-gathering efforts by her . . . ."[1] The Magistrate Judge's factual

---

[1] Ms. Jackson raised issues of attorney-client privilege with respect to text communications to and from the other identified witness. The Magistrate Judge further notes Jackson's "counsel identified [that witness] as seeking his

conclusions are supported by the record.

On the evidence placed before the Magistrate Judge on Hiers' motion to compel, the Magistrate Judge concluded that the text messages were work product not requiring disclosure. [Doc. 175, p. 6] The Magistrate Judge confirmed his conclusion with the additional finding that "[n]or has Hiers demonstrated substantial need for this information, especially in light of the fact that Jackson has disclosed the witnesses' names." [*Id.*] See e.g., *Castle v. Sangamo Weston, Inc.*, 744 F.2d 1464, 1467 (11th Cir. 1984) ("Rule 26(b)(3) governs the disclosure of work product and places a twofold burden on the party seeking discovery. The appellee must show both substantial need and undue hardship. *In re International Systems & Controls Corp.,* 693 F.2d 1235, 1240-41 (5th Cir. 1982).  See also *F.T.C. v. Grolier Inc.,* 103 S.Ct. at 2214. Neither showing is reflected in the record.")

In their appeal, the Hiers Defendants bring forward evidence offered to the Magistrate Judge in their Reply Brief [Doc. 174], including text messages from Ms. Jackson to one of the witnesses she identified in her Response [Doc. 169].  Defendants' correctly state that "there were other text messages between [this witness] and Jackson that *Jackson did not produce or list on her privilege log*."   [Doc. 191, p. 11 (italics in original)]   Defendants' point escapes the undersigned.  Clearly, Ms. Jackson does not have those texts or they would have been listed in her privilege log or disclosed.  The issue of whether *those* particular texts obtained by counsel for Defendants are work product or not was neither the subject of the motion to compel nor the Magistrate Judge's Order.  Defendants appear to argue that because the texts are temporally proximate to texts listed in the privilege log, *ergo*, Ms. Jackson is hiding something.  Defendants are merely repeating with more emphasis the facts underlying the Magistrate Judge's factual

---

representation (and there is no dispute as to that privilege)."  [Doc. 175, p. 6]

finding that "Hiers does not rebut those factual assertions (that the texts she possesses are only from her and were sent in an attempt to gain witness testimony), but only implies in a generic sense that there have been 'machinations' here." [Doc. 175, p. 5]  Defendants claim that the *texts* they possess "completely undercut Jackson's claim of work product" for texts *she* possesses is a *non sequitur*.  Defendants can use their text messages for whatever value they can squeeze from them, if any, but they have no bearing on whether the texts possessed by Ms. Jackson are work product or not.  The only "machinations" present are the fact that Defendants were able to obtain some texts from their witness that Ms. Jackson does not possess.  The Magistrate Judge's conclusion that the text messages identified in Ms. Jackson's privilege log are work product is supported by unrebutted evidence offered by Ms. Jackson [Doc. 175, p. 5] and that conclusion is neither clearly erroneous nor contrary to law.  The Magistrate Judge's Order should be affirmed.

> **D.    The Attorney-Client Privilege Protects Specific Text Communications To and From Delphine Jones.**

In their Objection Defendants come forward with attorney-client privilege arguments never presented to the Magistrate Judge and presented to this Court for the first time. [Doc. 191, pp. 14-15]  Predictably, Defendants come back to this Court again with the strategy of alleging violations of the Georgia Rules of Professional Conduct by Ms. Jackson's counsel.

This time Defendants offer Georgia Rule of Professional conduct 4.2 with references to Comment 4A and Formal Advisory Opinion 87-6, concluding that the Rule "prohibits communications with managerial or supervisory employees." [Doc. 191, p. 14]  No particular language from the Rule or Comment is offered – indeed, no language whatsoever from either the Rule or Comment is offered.

The Rule reads as follows:

7

> **(a)** A lawyer who is representing a client in a matter shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or court order.
>
> **(b)** Attorneys for the State and Federal Government shall be subject to this Rule in the same manner as other attorneys in this State.

GA R BAR Rule 4-102, RPC Rule 4.2.  Given Defendants' failure to offer particular provisions of the Rule of concern to them, and their failure to demonstrate the relevance of the Rule to its Objection, the undersigned is not going to craft the argument for them.  Suffice it to say that Defendants can offer no evidence that they represent Ms. Jones and the only *unrebutted* evidence before the Magistrate Judge was that Ms. Jones *sought* legal counsel from the undersigned and that the request for legal counsel was *declined*.  [See Doc. 175, p. 5, citing Doc. 169, pp. 4-5]

The evidence submitted by Defendants reveals that she was a kitchen manager in 2009 and a "shift supervisor" for three months in 2011.  [Doc. 174-3, pp. 3-4] From this evidence, Defendants offer this Court the misleading suggestion that Ms. Jones retains even those managerial responsibilities to the present day. [Doc. 191, p. 14[2]]  As demonstrated by Ms. Jones herself, all of those "managerial" responsibilities ended well before this litigation was even filed [Doc. 174-3, pp. 3-4], and there is no evidence whatsoever that she had such authority at the time of the undersigned's text communications with her.

If the argument had been presented to the Magistrate Judge and if Defendants had argued its application and if Defendants had offered evidence to support the argument, Rule 4.2 would not apply because of *measure* of managerial authority retained by Ms. Jones at any time is insufficient for application of Rule 4.2.  An employer may call an employee a "manager" when,

---

[2] Defendants offer in their Objection the following: "[a]s her deposition showed, Jones was a kitchen manager in 2009 and a shift supervisor in 2011. [Doc 47 at ¶ 19] * * * During Jackson's tenure at Uncle Bubba's[,] Jones had managerial and supervisory authority, and she remains employed at Uncle Bubba's." [Doc. 191, p.14-15]

in fact, the employee has no managerial responsibilities sufficient to trigger coverage under the standard of Rule 4.2.  The applicable measure of authority sufficient for the prohibition is stated by the Rule as "an agent or employee of the organization who supervises, directs or regularly consults with the organization's lawyer concerning the matter or has authority to obligate the organization with respect to the matter, or whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability."  GA R BAR Rule 4-102, RPC Rule 4.2.  There is no evidence of such authority of Ms. Jones in the record now, or when the Magistrate Judge entered the Order, or even with the filing of Defendants' Objection offering the argument.  Moreover, the argument itself was never presented to the Magistrate Judge, and even if allowed the opportunity of such argument, Defendants could offer no such evidence.  Even if Ms. Jones *ever* possessed any such managerial authority, which she did not, she did not possess it at the time of the subject text messages.

Continuing the predictable strategy of attempting to tar Ms. Jackson's counsel, a new and additional Rule of Professional Responsibility is now thrown to the wind, seeking a gasp of integrity to fill its sails.  Defendants offer Rule 1.9, also without textual reference, but the rule reads as follows:

> **(a)** A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former gives informed consent, confirmed in writing.
>
> **(b)** A lawyer shall not knowingly represent a person in the same or a substantially related matter in which a firm with which the lawyer formerly was associated had previously represented a client:
>
>> (1) whose interests are materially adverse to that person; and
>>
>> (2) about whom the lawyer had acquired information protected by Rules 1.6 and 1.9(c), that is material to the matter; unless the former client gives informed consent, confirmed in writing.

9

> **(c)** A lawyer who has formerly represented a client in a matter or whose present or former firm has formerly represented a client in a matter shall not thereafter:
>
>> (1) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client, or when the information has become generally known; or
>>
>> (2) reveal information relating to the representation except as Rule 1.6 or Rule 3.3 would permit or require with respect to a client.

GA R BAR Rule 4-102, RPC Rule 1.9. This rule has absolutely no relevance to Defendants' Objection, and *Defendants offer none*.

Defendants' efforts to impugn the integrity of counsel for Ms. Jackson are unending. Having few or no defenses to the crippling evidence that has come forward in this case, Defendants apparently perceive their only option to be the incessant attacks upon opposing counsel. On the evidence before the Magistrate Judge at the time he entered the Order [Doc. 175], the unrebutted evidence indicated that Ms. Jones sought legal counsel from the undersigned. Although such representation was declined, the texts in the privilege log reflecting that search for legal representation are protected by the attorney-client privilege as concluded by the Magistrate Judge. The Magistrate Judge's Order should be affirmed.

### III.   CONCLUSION

The relevant provision of the Federal Magistrate's Act, 28 U.S.C. § 636(b)(1)(A), implemented through Federal Rule of Civil Procedure 72(a), permits a district judge to assign certain "non-dispositive" pretrial matters to a Magistrate Judge to "hear and decide." Fed. R. Civ. P. 72(a). The Rule provides that a district court may only modify or vacate the Magistrate Judge's Order [Doc. 175] to the extent that the order "is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A treatise on federal practice and procedure describes altering a

10

Magistrate Judge's non-dispositive orders as "extremely difficult to justify." 12 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3069 (2d ed. 2012).

In six pages of his Order, the Magistrate Judge outlined the conclusion, consistent with this District's case law, that Ms. Jackson did not waive her work product and attorney-client privileges because of an untimely response to the discovery request and that Defendants "jumped the gun" in filing their motion to compel without conferring with Ms. Jackson, as required by Fed. R. Civ. P. 26(c) and L.R. 26.5.  The Magistrate Judge further concluded, based on the facts before him that the texts possessed by Ms. Jackson were entitled to work product protection.  The suggestion that that Magistrate Judge's Order is clearly erroneous or contrary to law is simply a bridge much too far.  No "clear error" exists on this record justifying usurpation of the Magistrate Judge's decision.  The Magistrate Judge's Order denying the motion to compel was supported in fact and law, and should be affirmed.

RESPECTFULLY SUBMITTED this 20th day of June 2013.

/s/ Matthew C. Billips
Matthew C. Billips, Esq.
Georgia Bar No. 057110
*Attorney for Plaintiff*

BILLIPS & BENJAMIN, LLP
One Tower Creek
3101 Towercreek Parkway, Suite 190
Atlanta, Georgia 30339
(770) 859-0753 (telephone)
(770) 859-0752 (facsimile)
Billips@bandblawyers.com

/s/ S. Wesley Woolf
S. WESLEY WOOLF
Georgia Bar No. 776175
*Attorney for Plaintiff*

S. WESLEY WOOLF, P.C.
408 East Bay Street
Savannah, Georgia  31401
T:  (912) 201-3696
F:  (912) 236-1884
woolf@woolflawfirm.net

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LISA T. JACKSON | * | |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION NO.: 4:12-CV-0139 |
| v. | * | |
| | * | |
| PAULA DEEN, PAULA DEEN | * | |
| ENTERPRISES, LLC, THE LADY & SONS, | * | |
| LLC, THE LADY ENTERPRISES, INC., | * | |
| BUBBA HIERS, and UNCLE | * | |
| BUBBA'S SEAFOOD AND OYSTER | * | |
| HOUSE, INC., | * | |
| | * | |
| Defendants. | * | |
| _____ | * | |

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing "Plaintiff's Response to Defendant's Objections to The Magistrate Judge's May 15, 2013, Order" with the Clerk of the Court using the CM/ECF system, which will notify:

| | |
|---|---|
| Thomas A. Withers | I. Gregory Hodges |
| Gillen, Withers, & Lake, LLC | Patricia T. Paul |
| 8 East Liberty Street | William Hunter |
| Savannah Georgia 31401 | Georgia T. Major |
| | Oliver Manor |
| | 218 W. State Street |
| | P.O. Box 10186 |
| | Savannah, Georgia 31412 |

This 20th day of June, 2013.

/s/ S. Wesley Woolf
S. WESLEY WOOLF
Georgia Bar No. 776175
*Attorney for Plaintiff*

S. WESLEY WOOLF, P.C.
408 East Bay Street
Savannah, Georgia 31401
T: (912) 201-3696
F: (912) 236-1884
woolf@woolflawfirm.net

13