IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LISA T. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civ. Action No.: 4:12-cv-0139 |
| | ) | |
| PAULA DEEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**NON-PARTIES THE ATLANTA JOURNAL-CONSTITUTION AND WSB-TV'S MOTION TO INTERVENE TO UNSEAL COURT RECORDS AND DOCKET ENTRIES AND FOR ACCESS TO FILED DEPOSITION VIDEO**

The Atlanta Journal-Constitution and WSB-TV ("Media Intervenors") respectfully move this Court to unseal documents filed under seal beginning on July 3, 2013 (see, e.g., Dkt. Nos. 213, 214, 215, 219, 222, 225, 226, 229-240), as well as certain "secret" docket entries. The public and press should be permitted access to these sealed documents because insufficient justification exists to overcome the strong presumption in favor of public access to court documents.

Media Intervenors further request a copy of the filed DVD containing the videotaped deposition of Defendant Paula Deen. (See Dkt. 189.) While publicly filed, the Clerk has refused requests to allow copying of this record citing "judicial policy" and protection of court reporters. Media Intervenors respectfully submit that copying should be allowed.[1]

---

[1] The Supreme Court has made clear that the public and the press have a right to challenge closure of court records and proceedings, holding that "representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion.'" Globe Newspaper Co. v. Superior Court, 457 U.S. 596, 609 n. 25 (1982) (quoting Gannett Co. v. DePasquale, 443 U.S. 368, 401 (1979) (Powell, J., concurring)). See also Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992) ("Because it is the rights of the public . . . that

**INTRODUCTION**

This matter involves allegations of employment discrimination against celebrity chef Paula Deen, her brother, and certain of their businesses.  Unsurprisingly given Deen's status and the nature of the allegations, this case has garnered significant public interest, attention, and national media coverage.  Presumably in response to such recent coverage, it appears that on July 3, 2013, Defendants filed a motion – which was itself filed under seal – to require all filings to be placed under seal.[2]  (See Dkt. 219.)  In an Order also under seal, it appears Defendants' request has been at least temporarily granted and nearly all subsequent pleadings have been placed under seal.  (See Dkt. 222.)  This includes, but is not limited to, a Motion for Sequestered Individual Voir Dire and a Motion for Partial Summary Judgment.   (See generally, Dkt. Nos. 213, 214, 215, 219, 222, 225, 226, 229-240.)

In addition, certain additional records have been retroactively sealed, and some even removed from the docket.  For example, counsel for Media Intervenors on July 2, 2013, accessed and printed a Motion for Sanctions (Dkt. 212) that is no longer available or even publicly noted on the docket.  Similarly, there are no docket entries 220, 221, 223, or 224.

In addition to the filings that have been placed under seal, on May 30, 2013, Plaintiff filed with the Clerk's office a DVD containing the videotaped deposition of Ms. Deen.  (Dkt. 189.)  The transcript was subsequently filed on June 11, 2013 and remains publicly available.

---

are at stake, any member of the public has standing to . . . unseal the court file in the event the record has been improperly sealed.").

[2]  Certain isolated records and exhibits had been previously filed under seal, but nothing as sweeping as Defendants' current request.

(Dkt. 197.)  While publicly filed and available for viewing at the Courthouse, the Clerk has refused requests to copy this videotape citing "judicial policy" and protection of court reporters.

Because the parties cannot show any interest in confidentiality significantly outweighing the public's right of access, this Court should (1) unseal the pleadings and docket in this case; and (2) allow the public copying of Ms. Deen's deposition.

## ARGUMENT AND CITATION OF AUTHORITY

### I.  The First Amendment Provides the Public and Press With a Right of Access to Court Hearings and Records.

As this Court has previously recognized (see Dkt. 165 at 4), pursuant to the First Amendment to the United States Constitution and well-established federal case law, the public's right of access to judicial proceedings and records is beyond dispute.  See generally Press-Enterprise Co. v. Superior Court, 478 U.S. 1 (1986) ("Press-Enterprise II"); Press-Enterprise Co. v. Superior Court, 464 U.S. 501 (1984) ("Press-Enterprise I"); Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982); Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555 (1980). "Once a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." Brown v. Advantage Engineering, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992).

Moreover, this right of access extends to all records filed with the court.  See Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1311 (11th Cir. 2011) ("Beyond establishing a general presumption that criminal and civil actions should be conducted publicly, the common-law right of access includes the right to inspect and copy public records and documents.")

3

Any party seeking to seal judicial records bears a heavy burden.  As set forth in Bridgestone/Firestone, "[w]here the trial court conceals the record of an entire case, making no distinction between those documents that are sensitive or privileged and those that are not, it must be shown that 'the denial [of access] is necessitated by a compelling governmental interest, and is narrowly tailored to that interest.'" Bridgestone/Firestone, Inc., 263 F.3d at 1312 (quoting Wilson v. American Motors Corp., 759 F.2d 1568, 1571 (11th Cir. 1985).  Such scrutiny is necessitated when "pleadings, docket entries, orders…." are all sealed.  Id.  (citation omitted).  See also Newman v. Graddick, 696 F.2d 796, 802 (11th Cir. 1983) ("where, as in the present case, the [court] attempts to deny access [to judicial proceedings] in order to inhibit the disclosure of sensitive information, it must be shown that the denial is necessitated by a compelling governmental interest, and is narrowly tailored to that interest."  (quoting Globe Newspaper Co. v. Superior Court, 457 U.S. 596 (1982)).

Where parties seek a more isolated sealing, courts are instructed to engage in a Rule 26(c) "good cause" test, i.e., whether the party seeking to seal the record has brought a valid ground of issuance of a protective order, and can show that its interest in confidentiality outweighs the public's interest in access.  Bridgestone/Firestone, Inc., 263 F.3d at 1313.

**II.    There is No Basis to Seal Records and Docket Entries in this Case.**

In seeking to seal all records going forward, including common substantive motions such as motions for summary judgment, Defendants must show a "compelling interest" for which

4

their sealing request in "narrowly tailored." Bridgestone/Firestone, Inc., 263 F.3d at 1312 Defendants cannot meet that burden.[3]

First, the public's interest in this case in significant and legitimate. Ms. Deen is not only a public-figure, but a television personality, author, restaurateur, and undeniable celebrity, as is Mr. Hiers. Both have developed public personas and profited from them; it is unsurprising that the public and media seek to follow these proceedings.

On the other hand, it is difficult to determine, especially given that Defendants' motion is itself under seal, Defendants' purported basis for requesting that pleadings be sealed. Employment discrimination cases are exceedingly common, and do not typically involve matters rising even close to the level of what might justify sealing. Instead, as courts in this Circuit and elsewhere have made clear, reputational concerns are common in every lawsuit and are insufficient. See, e.g., Wilson, 759 F.2d at 1570-71 ("[s]imply showing that the information would harm the company's reputation is not sufficient to overcome the strong common law presumption in favor of public access.") (citation omitted); Dkt. 165 at 6-7 (citing Oberstein v. United States, 2013 WL 951354, at *2 (Fed. Cl. Mar. 12, 2013) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records."); Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992) (refusing to let litigant proceed under pseudonym to avoid disclose of alcoholism: "risk that a plaintiff may suffer some embarrassment is not enough" to

---

[3] Nor could Defendants show "good cause" under Rule 26. Indeed, as the bulk of the pleadings in the matter, including discovery material, are all publicly filed, it is difficult to fathom Defendants' purported basis for now attempting to proceed under seal. As this Court has noted, with respect to many of the purported confidentiality concerns in this case, the "horse has already left the barn." (Dkt. 165 at 8) (refusing to continue seal of disqualification pleadings).

overcome the "customary and constitutionally-embedded presumption of openness in judicial proceedings.").

Nor would any blanket sealing order be "narrowly tailored." Indeed, as this Court has recognized, courts must look at alternatives to sealing, such as limited redaction. (See Dkt. 165 at 5, n.6 ("[W]here sealing is warranted, redaction should be deployed first, and sealing of entire documents second.") (citations omitted). It is clear that Defendants' request, and subsequently sealed filings, makes absolutely no effort to tailor what is shielded from public view. (See, e.g., Dkt. 240 (sealing exhibits including a New York Times and Today Show interview).)

In addition to the individual records, it appears that multiple docket entries have been improperly sealed from public view. For example, counsel for Media Intervenors on July 2, 2013, accessed and printed a Motion for Sanctions (Dkt. 212) that is no longer even publicly noted on the docket. Similarly, there are no docket entries 220, 221, 223, or 224. See Docket Sheet printed on 7/10/2013, at Ex. A. This completely shields from the public any possible understanding of what is occurring in the case and is patently unconstitutional. See U.S. v. Valenti, 987 F.2d 708, 715 (11th Cir. 1993) (finding that the district court's "maintenance of a dual-docketing system is an unconstitutional infringement on the public and press's qualified right of access to criminal proceedings."). See also U.S. v. Ocho-Vasquez, 428 F.3d 1015, 1029, n.15 (11th Cir. 2005) (noting that the docket sheet "assumes particular importance when the court is considering sealing a proceeding or judicial record" as it "provides the public and press with notice of case developments") (citations omitted); The Hartford Courant Co. v. Pellegrino, 380 F.3d 83, 86, 93 (2nd Cir. 2004) ("the press and public possess a qualified First Amendment right of access to docket sheets" in part because "the ability of the public and press to attend civil

and criminal cases would be merely theoretical if the information provided by docket sheets were inaccessible.").

Because there is no basis justifying sealing in this case, Media Intervenors request that all pleadings and docket entries be unsealed.

**III.     Media Intervenors Should Be Provided Access to Copy the Videotaped Deposition of Ms. Deen.**

While publicly-filed, the Clerk has refused to allow the copying of Ms. Deen's videotaped deposition. As set forth above, there is no "good cause" to refuse disclosure of the videotape, especially as the transcript has been widely reported on and remains publicly available. Indeed, federal courts have repeatedly recognized that the media and public must be permitted to inspect and copy videotapes that have been filed with the court. See Condit v. Dunne, 225 F.R.D. 113, 119 (S.D.N.Y. 2004) ("The Court sees no better way to assure that the reliability of Dunne's deposition testimony is properly represented than to allow public scrutiny."); In re CBS, 828 F.2d 958 (2nd Cir. 1987) ("[T]he videotape may in fact be more accurate evidence than a transcript . . . Transcripts lack tone of voice . . . and preserve demeanor evidence as well."); In re NBC, 635 F.2d 945, 952 (2nd Cir. 1980) (holding that, although transcripts of the tape had already been released to the public, "there remains a legitimate and important interest in affording members of the public their own opportunity to see and hear [the] evidence . . . ."); United States v. Saunders, 611 F. Supp. 45, 47 (S.D. Fla. 1985) (collecting cases authorizing disclosure of videotape exhibits and noting that "courts . . . have repeatedly recognized that once a tape has been admitted into evidence and played in open court, the common law and the first amendment establish the right of those interested to inspect and copy the tape").

Moreover, the Clerk's reliance on Judiciary Policy 560.60 as a basis to refuse copying is improper. This Policy applies not to discovery records, but to transcripts "of court proceedings" by an official court reporter. It ensures time for redaction and allows the reporters time to be paid for their work. There is no basis to apply this policy to a publicly-filed videotaped deposition, especially after the transcript has been filed.

## CONCLUSION

For the foregoing reasons, The Atlanta Journal-Constitution and WSB-TV respectfully request that the Court (1) unseal the pleadings and docket in this case; and (2) allow the public copying of Ms. Deen's deposition.

DATED this 10th day of July, 2013.

                Respectfully submitted,

    FOR:  DOW LOHNES PLLC

           s/ Stacey A. Carroll
           Stacey A. Carroll
             Georgia Bar No. 112730
           Thomas M. Clyde (*pro hac pending*)
             Georgia Bar No. 170955
           Lesli N. Gaither (*pro hac pending*)
             Georgia Bar No. 621501

           Attorneys for The Atlanta Journal-Constitution and WSB-TV

Six Concourse Parkway
Suite 1800
Atlanta, Georgia 30328
(770) 901-8800

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 10th, 2013, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and which will be electronically notified to all counsel of record and is available for viewing and downloading from the Court's CM/ECF system by all counsel of record.

                                                            s/ Stacey A. Carroll