FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2013 AUG -2 AM 11: ?

CLERK_____B. West_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LISA T. JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. CV412-139 |
| ) | |
| PAULA DEEN; PAULA DEEN ) | |
| ENTERPRISES, LLC; THE LADY & ) | |
| SONS, LLC; THE LADY ) | |
| ENTERPRISES, INC.; UNCLE ) | |
| BUBBA'S SEAFOOD AND OYSTER ) | |
| HOUSE, INC.; and EARL W. ) | |
| HIERS; ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| UNCLE BUBBA'S SEAFOOD AND ) | |
| OYSTER HOUSE, INC. and EARL ) | |
| W. HIERS, ) | |
| ) | |
| Counter Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| LISA T. JACKSON, ) | |
| ) | |
| Counter Defendant. ) | |
| _____ ) | |

### O R D E R

Before the Court is Defendants Uncle Bubba's Seafood and Oyster House, Inc. and Earl W. Hiers's Objection to the Magistrate Judge's Order of May 8, 2013. (Doc. 183.) In their objection, these Defendants seek to appeal the Magistrate Judge's denial of their request to have redacted from certain filing references to Defendant Hiers's past

treatment for drug and alcohol addiction. (Id. at 1-2.) For the following reasons, the objections are **OVERRULED**.

## BACKGROUND

This case involves allegations by Plaintiff of both sexual harassment and racial discrimination. Specifically, Plaintiff alleges that while she was employed by Defendant Uncle Bubba's Seafood and Oyster House, Inc. ("Uncle Bubba's"), Defendant Hiers[1] subjected her to repeated "sexual harassment and discrimination, racial harassment and discrimination, and abusive treatment" over a period of five years. (Doc. 1 ¶ 19.) Plaintiff contends that over this period of time she made numerous and frequent complaints to Defendant Paula Deen and other various members of Deen Defendants'[2] corporate management. (Id. ¶ 18.)

In response to the Magistrate Judge's order requiring the parties to show cause why certain filings should remain under seal, Hiers Defendants requested that the Court redact several references to Defendant Hiers's prior drug

---

[1] According to the complaint, Defendant Hiers owns 49% of Defendant Uncle Bubba's Seafood and Oyster House, Inc. (Doc. 1 ¶ 14.) The Court will refer to these two defendants collectively as Hiers Defendants.

[2] The Court will refer to Defendants Paula Deen; Paula Deen Enterprises, LLC; The Lady & Sons, LLC; and the Lady Enterprises, Inc. collectively as Deen Defendants.

2

and alcohol treatment. (Doc. 147 at 1-2.) The parties had previously agreed to have these references redacted from the filings. (Doc. 147 at 3.) However, under the "press of work" the parties simply forgot to actually redact the material from the filings. (Id.)

In denying Hiers Defendants' motion, the Magistrate Judge reasoned that there was little to be gained by granting the redaction request. (Doc. 165 at 22-24.) For example, no party had moved to seal or redact these references from Defendant Hiers's deposition transcript, which had remained unsealed and available to the public for over two months. (Id. at 22.) In addition, the Magistrate Judge determined that this information is likely to be "explored and [] fully exposed at trial," rendering redaction pointless. (Id.) The Magistrate Judge, therefore, concluded that Hiers Defendants failed to " 'articulate a real and substantial interest that justifies depriving the public of access to the records that inform [a court's] decision-making process.' " (Id. at 23 (alteration in original) (quoting Helm v. Kansas, 656 F.3d 1277, 1292 (10th Cir. 2011))).

Unhappy, Defendant Hiers appealed that decision to this Court. (Doc. 183.) In their appeal, Hiers Defendants

argue that the Magistrate Judge applied an incorrect standard because they were not seeking to seal any documents, only redact certain references. (Id. at 3.) In addition, Hiers Defendants contend that the Magistrate Judge incorrectly denied their request because the parties had previously agreed to the redaction. (Id. at 3-4.) Finally, Hiers Defendants reason that the Magistrate Judge's ruling on this issue was clear error because it is for this Court to decide whether this issue can be explored at trial. (Id. at 4.)

## ANALYSIS

The Magistrate Judge's denial of Hiers Defendants' redaction request is a ruling on a nondispositive matter. As a result, this Court's review of that decision is governed by Federal Rule of Civil Procedure 72. Under Rule 72, this Court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see 18 U.S.C. § 636(b)(1)(A) (authorizing magistrate judge to decide nondispositive matters, which district court may reconsider "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").

This standard—clearly erroneous or contrary to law—is exceedingly deferential. Pigott v. Sanibel Dev., LLC, 2008

WL 2937804, at *5 (S.D. Ala. July 23, 2008) (unpublished) (citing Dochniak v. Dominium Mgmt. Servs., Inc., 240 F.R.D. 451, 452 (D. Minn. 2006)). A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, " 'is left with a definite and firm conviction that a mistake has been made.' " Id. (quoting Murphy v. Gardner, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006)). A decision by the magistrate judge is contrary to law where it either fails to follow or misapplies the applicable law. Id. (quoting S.E.C. v. Cobalt Multifamily Investors I, Inc., 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

Reviewing the record in this case, the Court is unable to conclude that the Magistrate Judge's conclusion was either clear error or contrary to law. While Hiers Defendants try to distinguish between that redaction and sealing of documents, any distinction between the two is without meaningful difference with respect to the public's access to this information. Whether the documents are sealed in total or redacted in part, the Court is still intruding on the public's interest in accessing documents that the Court may use to inform its decisions. Therefore, it was entirely reasonable for the Magistrate Judge to assess whether Hiers Defendants had presented an interest

5

in the redaction that sufficiently justified the deprivation of public access.

Furthermore, the fact that the parties initially agreed to the redaction does not render the Magistrate Judge's decision clear error. It is incumbent upon the parties to see that their agreement was actually executed in practice. That is, Plaintiff should have redacted the objectionable references. When Plaintiff failed to do so, Hiers Defendants should have immediately sought to have the filings corrected to be consistent with the parties' agreement. It is reasonable for the Magistrate Judge to conclude that there is little point to redaction at this stage because those references have been fully available to the public for over two months.

Finally, it was not error for the Magistrate Judge to reason that redaction was futile because the issue would be fully explored at trial. Hiers Defendants base this argument on the notion that Defendant Hiers's past troubles with drugs or alcohol would be inadmissible at trial. While that issue is ultimately for this Court to decide, the objectionable references only state that Defendant Hiers underwent treatment for drug or alcohol addiction. They do not contain the contents of any communications between Defendant Hiers and a treating professional.

6

Therefore, it was reasonable for the Magistrate Judge to base his decision not to redact these references on the probable inclusion of this issue at trial.

## CONCLUSION

For the foregoing reasons, Hiers Defendants' Objection to the Magistrate Judge's Order of May 8, 2013 (Doc. 183) is **OVERRULED**.

SO ORDERED this 2ND day of August 2013.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA